IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GWENDOLYN GANEY, | § | |
| | § | |
| *Plaintiff*, | § | 5-20-CV-00668-OLG-RBF |
| | § | |
| vs. | § | |
| | § | |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando Garcia:**

This Report and Recommendation concerns Plaintiff Gwendolyn Ganey's Motion to

Remand. *See* Dkt. No. 2. All pretrial matters in this action have been referred for resolution

pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District

Court for the Western District of Texas. *See* Dkt. No. 5. Authority to enter this recommendation

stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, Ganey's Motion, Dkt. No.

2, should be **DENIED.**

**Factual and Procedural Background**

This underinsured-motorist case arises from a May 29, 2019 motor-vehicle accident

allegedly caused by another driver's negligence. *See* Orig. Pet. (Dkt. No. 1-1) ¶ 9. After

exhausting the insurance coverage available under the other driver's policy, Plaintiff Ganey

requested that her insurer, Defendant State Farm Mutual Automobile Insurance Company, pay

the $30,000 policy limit available under Ganey's insurance policy. *See id.* ¶ 10; Demand Letter

(Dkt. No. 1-2). State Farm denied the claim, leading Ganey to send State Farm a demand letter on April 3, 2020. *See* Demand Letter. In her demand letter, Ganey claimed that she incurred $26,022.74 in medical expenses and has suffered and will most likely continue to suffer in the future physical pain and mental anguish. *See id.* at 6-7. She also claimed that State Farm's refusal to tender the policy limits  "constitute[d] violations of the Texas Trade Practices Act and Insurance Code" and notified State Farm of her  "intent" to seek damages for any such violations. *Id.* at 3. Such damages could include, according to Ganey, damages for mental anguish, loss of credit reputation, increased business costs, treble damages, interest, and exemplary damages. *Id.* Finally, Ganey expressed her "intent" to seek "at least" $75,000 in attorney's fees in the event her demand isn't met. *Id.* at 4.

No settlement was reached, and on April 29, 2020, Ganey sued State Farm in the 225th Judicial District Court, Bexar County, Texas for State Farm's alleged "unfair refusal" to pay insurance benefits. *See* Orig. Pet. Although Ganey's Petition purports to assert a single cause of action for negligence against "Nationwide Insurance," *see id.*, the remainder of her Petition appears to recognize that a negligence claim isn't applicable here. Rather, Ganey appears to bring a breach-of-contract claim against State Farm for failure to tender the policy limits under her automobile-insurance policy. *See id.* ¶¶ 16-17. While Ganey doesn't formally bring claims under the Texas Insurance Code (she claims she will only bring such claims if she determines a violation occurred "after ample discovery is completed") she also affirmatively lodges various allegations that track the language of the statute. Specifically, Ganey alleges that State Farm:

    a.  failed to pay Plaintiff's claims without any reasonable basis:
    b.  failed to conduct a reasonable investigation of Plaintiff's claim;
    c.  didn't attempt to affect a prompt, fair, and equitable settlement of Plaintiff's claim once liability became reasonably clear;
    d.  didn't promptly provide Plaintiff a reasonable explanation for its denial of her claim;

2

e.   didn't affirm or deny coverage within a reasonable amount of time; and

f.   failed to effect prompt resolution of Plaintiff's claim.

*Compare id.* ¶ 18 *with* Tex. Ins. Code §§ 541.060(2)(A), (3), (4), (7) & 542.003(b)(4).

On June 3, 2020, State Farm removed this action, citing diversity jurisdiction. *See* Dkt. No. 1. According to the Notice of Removal, State Farm is an Illinois corporation with its principal place of business in Illinois while Ganey is a citizen of Texas. *See id.* at 2-3. Ganey then filed the instant Motion to Remand, arguing that State Farm hasn't met its burden in proving the amount in controversy. *See* Dkt. No. 2. Ganey requests that the Court remand this case to the Bexar County District Court and award her reasonable attorneys' fees incurred in filing the remand motion. *See id.*

## Analysis

At issue is whether State Farm has carried its burden to show that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). There is no meaningful dispute as to the complete diversity of the parties. For the reasons discussed below, the Court concludes State Farm has met the amount-in-controversy requirement, notwithstanding the Petition's reference to only $70,000 in damages and the fact that "any doubt as to the propriety of removal should be resolved in favor of remand." *See In re Hot–Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). State Farm has done so *both* by showing that (1) it is facially apparent from the state court Petition that the amount in controversy exceeds $75,000 *and* (2) evidence supports a finding of such an amount in controversy. *Manguno*, 276 F.3d at 723 (providing that a removing party need only prove one or the other).

*The Petition's Face Shows the Amount in Controversy Exceeds the Threshold*. First, in addition to seeking damages for her property loss, Ganey's Petition alleges that she suffered

3

various potentially permanent bodily injuries. *See* Pet. ¶¶ 19-22. These bodily injuries, according to Ganey, have not only given rise to current and in all "reasonable probability" future medical expenses but have also subjected Ganey to physical pain and mental anguish, which "may continue" into the future. *See id.* Ganey's Petition also includes claims against State Farm for violation of the Texas Insurance Code and expresses an intent to amend the Petition, upon further discovery to seek "liquidated damages and penalty interest at least in the amount of 12%," as well as attorneys' fees pursuant to both the Texas Insurance Code and the Texas Deceptive Trade Practices Act. *See id.* ¶¶ 24, 27. All of these amounts are included in the amount-in-controversy calculation. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

Although Ganey's Petition purports to only seek monetary relief in the amount of $70,000, the Petition also recognizes that this figure "with the passage of time, may change." *Id.* ¶¶ 25-26. Indeed, as discussed above, the Petition contemplates additional damages. Ganey now attempts to sidestep the language in her Petition by arguing that because a bad-faith claim is a "very narrow and difficult avenue to pursue," an amendment on those grounds would be "unlikely." Mot. at 2. But the averments in Ganey's Petition—not her after-the-fact rationale— govern the Court's inquiry here. Ganey's Petition affirmatively raises unfair-settlement-practices claims and contemplates additional damages.

Further, the face of a plaintiff's petition won't control where the amount pled is in bad faith—*i.e.*, when that amount isn't in accordance with the law of the circuit—or where state practice doesn't permit demand for a specific sum. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995); 28 U.S.C.A. § 1446(c)(2)(A)(ii). There's some disagreement among various district courts regarding whether Texas law permits a plaintiff to demand a specific sum.

That is of no moment here because it's undisputed that Ganey's Petition seeking $70,000 doesn't comply with Texas Rule of Civil Procedure 47 in that it fails to include a pre-defined range of damages. *See* Tex. R. Civ. P. 47 (c) (1) (requiring original petitions to contain a statement that the party seeks "only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees"). On this ground alone, the amount in controversy pled can't control. Moreover, absent a plaintiff's *binding* damages-limiting statement in the form of a stipulation or affidavit, Ganey's statements are made in bad faith and don't affect the amount in controversy.

For these reasons, and given the extensive injuries[1] and various causes of action and damages alleged, it is facially apparent from Ganey's Original Petition that the jurisdictional threshold for diversity jurisdiction is met here.

*The Demand Letter*. Ganey's pre-suit demand letter, which State Farm attached to the Notice of Removal, also supports the Court's conclusion. Although Ganey's demand letter requests that State Farm tender the $30,000 policy limit, the letter expresses an intent to seek "at least" $75,000 in attorney's fees, along with mental anguish damages and treble and/or exemplary damages in the event her demand isn't met. Accounting for these additional damages, the letter by its express terms reveals that the threshold for the amount in controversy is met here.

*Ganey's Arguments Aren't to the Contrary*. At the hearing on the motion to remand, counsel for Ganey conceded that the demand letter and Petition were unartfully drafted and offered to amend the pleadings to clarify matters. But an after-the-fact amendment would have

---

[1] *See Hernandez v. USA Hosts, Ltd*., 418 F. App'x 293, 294 (5th Cir. 2011) (finding it facially apparent that the amount in controversy exceeded $75,000 where plaintiff alleged that she sustained an extensive amount of permanent or continuing physical injuries and further sought damages for medical expenses and mental anguish); *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 883 (5th Cir. 2000) (similar).

no bearing on the Court's jurisdiction. The Court looks at the state of affairs as of the moment the case was removed, and here both the Petition and evidence submitted in support of the removal reveal that the threshold is met. *See Horton v. Bank One, N.A.*, 387 F.3d 426, 436 (5th Cir. 2004) (affirming district court's finding of jurisdiction where amount in controversy was determined by a settlement offer); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir.) (noting that after removal an amendment of the complaint to "clarify" the amount in controversy isn't relevant). A plaintiff's position as stated in the petition and any demand letter can have consequences for the case, as this case demonstrates. Because the Court must look at the case at the time of removal, this is not a situation in which errors or unartful drafting can be "cleaned up" later. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) (holding that post-removal events cannot deprive a court of jurisdiction once it has attached).

State Farm has therefore met its burden in proving that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *See De Aguilar*, 47 F.3d at 1409. Accordingly, Ganey can obtain remand here only if she establishes to a "legal certainty" that her claims are really for less than the jurisdictional threshold. *See id.* at 1412. Ganey has failed to do so here. There is no state law that prohibits Ganey from recovering damages in excess of $75,000, and Ganey has refused to stipulate to less than $75,000 in damages. *See* Dkt. No. 1 ¶ 9 (referencing Ex. C).

Ganey urges—citing two cases in this District—that the policy amount and total medical bills to date, which are well under $75,000, should control here. But the authority cited by Ganey in her Motion and Advisory, Dkt. No. 9, are readily distinguishable from this case. First, unlike here, both parties in *Jessica Hewitt v. State Farm Ins. Co.*, stipulated that the amount in controversy wouldn't exceed $75,000. No. 5:19-cv-01017-XR (W.D. Tex. Feb. 14, 2020), Dkt.

No. 15. Second, although *Boardman v. Allstate Fire & Cas. Ins. Co.* involved a similar policy limit, the case involved a more limited set of damages and claims. 2020 WL 487225, at *3. Specifically, Boardman only brought claims for breach of contract and violation of the Texas Prompt Payment Act, and Boardman only sought the policy limit, 18% penalty interest, and an unspecified amount in attorney's fees. She didn't raise bad-faith claims like Ganey did here. Nor did she transmit a pre-suit demand letter referencing over $75,000 in damages. The amount in controversy takes into account other damages beyond policy limits, including trembling of damages, penalty interest, and attorney's fees. In this case, accounting for actual and mental anguish damages, treble damages, statutory interest, and attorneys' fees, it is more likely than not that the amount in controversy here exceeds $75,000. *See St. Paul*, 134 F.3d at 1254 n. 13 (explaining that "[t]he test is whether it is more likely than not that the amount of the claim will exceed $[75,000]"). For all these reasons, remand should be denied.

*Costs*. In her motion to remand Ganey accuses counsel for State Farm of removing the case as part of a "dilatory tactic" to "harass" her and "stall the progression of the case," "*know[ing]*" the removal was improper. Mot. at 6-7 (emphasis added). She also accuses State Farm of ignoring the District Court's directive in *Hewitt* that it shouldn't remove a case which couldn't have more than $75,000 in recovery. *See id.* Accordingly, Ganey requests $500 in costs be awarded for the necessity of filing her motion to remand. Assuming the District Court adopts this report and recommendation, Ganey's request for fees would be moot.

A word of caution is warranted. By ascribing ill motives to counsel for State Farm without an adequate factual basis for doing so, counsel for Ganey risks unethical and sanctionable conduct. *See* Fed. R. Civ. P. 11(b) ("By presenting to the court a . . . paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the

best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances [that] . . . the factual contentions have evidentiary support . . ."); Appendix M to Tex. Local Rules (incorporating by Reference Texas Lawyer's Creed).

### Conclusion and Recommendation

For the reasons discussed above, it is recommended that Plaintiff's Motion to Remand, Dkt. No. 2, should be **DENIED.**

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).

Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

   **IT IS SO ORDERED**.

   SIGNED this 5th day of August, 2020.


_____
RICHARD B.  FARRER
UNITED STATES MAGISTRATE JUDGE